## THE VANLOO.[2]

### SULLIVAN *et al. v.* THE VANLOO.

*(District Court, E. D. New York.   July 12, 1889.)*

SALVAGE—COMPENSATION—COSTS.

> Fire broke out on a wooden ship, which had previously carried petroleum, and which was lying in a crowded dock. A water-boat near by came up, on a call for assistance, and poured water into the ship for some 20 minutes, when the city fire department appeared, and extinguished the fire. The ship was valued at $40,000. *Held*, that $500 should be awarded as salvage, but without costs, as no proper effort was made by the salvors to make known the amount demanded before suit, and the ship was seized without notice of intention to proceed against her.

In Admiralty.

Action by Jeremiah Sullivan and others against the British ship Vanloo, to recover salvage compensation for services rendered in extinguishing a fire therein by the water-boat Nelly.

*Edward D. McCarthy*, for libelants.

*Wing, Shoudy & Putnam* and *C. C. Burlingham*, for claimants.

BENEDICT, J.   This is an action on behalf of the water-boat Nelly, to recover salvage compensation for services rendered to the ship Vanloo on the 23d day of October, 1888, on which day, at about 11 o'clock in the forenoon,—that ship being in the Atlantic dock, with little or no cargo on board,—fire broke out in the lazaret, which burst forth through the hatch in flames estimated from five to ten feet high. At the time the fire broke out the master of the ship was not on board, but the mate and several of her crew were. On the bursting forth of the fire, the mate caused an alarm to be at once given by the ringing of a bell on board the ship and cries of "Fire!" On hearing the alarm, the water-boat Nelly, then lying near by in the same dock, having on board some 8,000 gallons of water, at once proceeded along-side the burning ship, and commenced to throw water upon the fire with her pumps. After some 15 or 20 minutes the fire department of the city came to the ship, and by their powerful pumps the fire was extinguished.

There is no doubt that the services rendered by the Nelly were salvage services. The only question raised in the case is as to the amount. The

---

[2] Reported by Edward G. Benedict, Esq., of the New York bar.

ship Vanloo was a wooden vessel. She had been engaged in carrying petroleum on a prior voyage. Her value was $40,000. Notwithstanding the strong assertions of some of the witnesses called by the libelants, the circumstances proved satisfy me that the ship would have been saved from destruction by the exertions of the fire department without the aid rendered by the Nelly. It is impossible, therefore, to award to the Nelly salvage compensation as for saving a ship worth $40,000 from total loss. From what amount of loss the ship was saved by the exertions of the Nelly cannot be determined with accuracy, but the extent of the damage actually done to the ship by the fire, and the intensity of the fire as it appeared to those who saw it, afford some ground upon which to base a conclusion as to the probable extent of the damage that would have been done by the fire before the arrival of the fire department if no assistance had been rendered by the Nelly. The estimate of the libelants' advocate puts the loss from which the ship was probably saved by the Nelly at half her value. It is made plain by the evidence that without the Nelly's aid the fire would have burned for 20 minutes without serious opposition; and it must be conceded that a delay of 20 minutes in attacking such a fire in the lazaret of such a ship could not occur without giving the fire a headway that must have caused serious injury to the ship; but I do not think that she could in that time have been injured to the extent of half her value. Still I cannot doubt that in the absence of the Nelly the ship would have sustained damage many times exceeding the amount I shall award the Nelly for her services.

In determining the proper award to be made to the Nelly, it is to be considered that it is a case of fire in a crowded dock. It was a fire in a wooden ship of the value of $40,000, which had lately carried a cargo of petroleum. Danger, not only to the ship on fire, but to many others in the dock, was present. Prompt aid was necessary, and prompt aid was furnished by the Nelly, able as she was to throw water upon the fire without any delay whatever. The aid was furnished on a call for assistance from the ship, and was voluntary. It was, however, rendered without risk, and was of short duration. In my opinion, $500 will be a proper award for the services rendered by the Nelly, but it must be without costs, because it appears that no proper effort was made on the part of the Nelly to make known before suit the amount demanded, and the ship was seized without notice of the intention to proceed against her.